## BROWN, use, &c. v. STEELE et al., Ex'rs.

1. An affidavit made *ex parte*, that an account is just, and true, is not competent testimony to prove the account, though the affidavit is made by the book keeper of the plaintiff, and he has left this country and gone to Europe.

Writ of Error to the Circuit Court of Mobile. Before the Hon. John Bragg.

THE plaintiffs in error sued the defendants in assumpsit for goods sold and delivered to their testator. On the trial, a bill of exceptions was taken to the ruling of the court, which shows, that the plaintiffs offered as evidence to prove their account, the affidavit of Thomas Burton, that the entire account was

Brown, use, &c. v. Steele et al., ex'rs.

just and true. That the account, and affidavit attached, had been filed in the orphans' court, in the settlement of the accounts of the defendants, but the account had been rejected. The affidavit bore date the 29th day of January, 1840. Thomas Burton was the book keeper of the plaintiffs in error, and in January or February, 1840, he left this country and went to Ireland, and has not been heard of since.

The court rejected the testimony, and the plaintiffs excepted.

PHILLIPS, for plaintiff in error.

LOCKWOOD, contra.

DARGAN, J.—The circuit court properly rejected the affidavit of Burton as evidence to prove the account. It is true that books of account, kept by deceased clerks, and memoranda, and entries made in the course of business, by any one whose duty it was to make such entries, or memoranda, and who, at the time, would have been competent to prove the facts thus registered, are admissible as evidence, if the person making such entries, or memoranda, be dead. See Batre v. Simpson, 4 Ala. Rep. 305, and the cases cited in Cowen & Hill's Notes to 2 Phil. Ev. 675.

But the rule is too well settled, now to be shaken, that memoranda, entries *ex parte*, affidavits, certificates, or other papers framed by private persons, are of themselves, merely hearsay, and cannot become evidence against third persons. See the cases collected in 2 Phil. Ev., C. &. H.'s Notes, 674.

The voluntary affidavit of Burton, is of this character. It is true he was the book keeper of the plaintiffs, but the law did not require that the affidavit should be made, and it was therefore voluntary, and *ex parte*, and not a necessary duty in the course of his employment as book keeper. Even if it had been shown that he was dead, although the original entries in the books in his handwriting might have become evidence, yet his death could not have rendered this affidavit legal proof.

Let the judgment be affirmed.